Helene J. Wasserman, Bar No. 130134
Ford & Harrison LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Herbert E. Gerson, TN Bar No. 8256
Ford & Harrison LLP
(Pro Hac Vice)
David P. Knox, TN Bar No. 20162
(Pro Hac Vice)
6750 Poplar Avenue, Suite 600
Memphis, TN 38138
Telephone: (901) 291-1500
Facsimile: (901) 291-1501

Attorneys for Defendant
GERMAIN'S TECHNOLOGY
GROUP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ASBERRY,<br><br>                    Plaintiff,<br><br>v.<br><br>GERMAIN'S TECHNOLOGY<br>GROUP ("GTG"), a.k.a. SEED<br>SYSTEMS, INC.,<br><br>                    Defendant. | Case No. C 04 1991 MMC<br><br>Judge: Maxine M. Chesney<br><br>**STIPULATION AND ORDER RE:<br>CONTINUANCE OF TRIAL AND<br>OTHER RELATED DATES**<br><br>**TRIAL DATE: October 24, 2005**<br><br>**PRE-TRIAL CONF: October 11,<br>2005**<br><br>**DISCOVERY CUT-OFF: August 8,<br>2005** |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Defendant GERMAIN'S TECHNOLOGY GROUP ("Defendant") and

2    Plaintiff CLARENCE ASBERRY ("Plaintiff") stipulate that the trial date and all

3    related dates in this matter be continued based on the following facts:

4         On June 24, 2005, the parties participated in a Case Management Conference

5    before this Court.  At that time, the parties requested that the trial in this matter, and

6    all related dates, be continued due in part to the difficulties Defendant has had

7    scheduling Plaintiff's deposition due to Plaintiff's counsel's hectic schedule.

8    Because the deposition had not been scheduled, the parties had not been able to

9    engage in a settlement conference or mediation.   At that time, Plaintiff's deposition

10   was scheduled to take place on June 29, 2005.  Because the deposition had been

11   scheduled, this Court elected to deny the requested continuance, without prejudice

12   to another such request if circumstances warranted.

13        On June 29, 2005, Plaintiff's deposition was started.  It was scheduled to

14   commence at 11:00 am, due to Plaintiff's counsel being required to attend a hearing

15   in the morning.  Due to that hearing being longer than anticipated by Plaintiff's

16   counsel, the deposition did not start until 11:45.  During the deposition, there were

17   lengthy breaks, all of which were requested by Plaintiff's counsel.  One of those

18   breaks, for a 10 minute conference call Plaintiff's counsel needed to participate in,

19   lasted more than 30 minutes.  Ultimately, at 4:30, Plaintiff's counsel indicated that

20   he was ill and unable to continue.  Subtracting the time for breaks, Defendant

21   obtained less than 4 hours of actual testimony.

22        Furthermore, at the deposition, Plaintiff, for the first time, indicated that he

23   had documents supporting his case that he intended to use.  At the time the Initial

24   Disclosures were made, Plaintiff indicated that he did not have any documents.  The

25   documents brought to the deposition were not copied, and were not actually

26   produced to Defendant.  They were in what appeared to be disorganized folders.

27   Defendant was not provided with a copy of the documents.  These are documents

28   that should have been provided at the time of the Initial Disclosures or, at a

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Asberry v. Germaine's Technology Group
Case No. C 04 1991 MMC                    - 2 -          DOCUMENT PRINTED ON RECYCLED PAPER

1     minimum, in a supplement to those disclosures.  Defendant still has not been
2     provided with a copy of those documents, which Defendant will need to review
3     prior to resuming Plaintiff's deposition.

4          At the June 24, 2005 Conference, this Court referred the matter to Magistrate
5     Judge James Larson for a Mandatory Settlement Conference.  On or about June 30,
6     the parties received notice that the Mandatory Settlement Conference is to take
7     place on August 12, 2005, four days after the current discovery cut-off date.  At the
8     June 24, 2005 Conference, the parties explained that, after Plaintiff's deposition
9     was concluded, the parties were hoping to participate in the Settlement Conference
10    before engaging in further discovery or motion practice in hopes to obviate the
11    expenditure of unnecessary attorney and judicial resources.   However, with the
12    Settlement Conference currently scheduled to take place after the discovery cut-off
13    date, and with Plaintiff's deposition not yet completed, it will be impossible to
14    conserve these resources.

15         Additionally, in the event the Settlement Conference is unsuccessful,
16    Defendant needs to review the documents that should have been produced with the
17    Initial Disclosures, finish Plaintiff's deposition (in the event it is not completed
18    prior to the Settlement Conference), and conduct other discovery that may be
19    necessitated from information learned at Plaintiff's deposition.  Once discovery is
20    completed, and if the matter does not resolve, Defendant anticipates filing a motion
21    for summary judgment/partial summary judgment seeking dismissal of most, if not
22    all, of Plaintiff's claims.

23         Accordingly, and based on the foregoing, the parties respectfully request that
24    this Court continue the trial date, and all related dates, in this matter to permit the
25    parties the opportunity to fully explore resolution of this matter or, alternatively,
26    prepare the matter for judicial resolution or trial.

27         At the June 24, 2005 Case Management Conference, both parties requested
28    that the discovery cut-off be continued until at the earliest December 1, 2005, that

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Asberry v. Germaine's Technology Group
Case No. C 04 1991 MMC                    - 3 -              DOCUMENT PRINTED ON RECYCLED PAPER

1   the Pre-Trial Conference be continued until March 6, 2006 and the trial be

2   continued until March 20, 2006 or May 2006. Defense counsel is set for trial in

3   other matters commencing December 5, 2005 (10-14 days), and February 21, 2006

4   (7-10 days). Plaintiff's counsel is beset by trials and other commitments as well in

5   that period.  Plaintiff requests a new trial date in May, 2006  Defense counsel

6   would not oppose such a trial date.

7

8   Dated: July 7, 2005                        Law Offices of Stanley G. Hilton

9

10

11                                             By:
                                               Stanley G. Hilton
12                                             Attorneys for Plaintiff
                                               CLARENCE ASBERRY
13   Dated: July 7, 2005
                                               FORD & HARRISON LLP
14

15

16                                             By:
                                               Helene J. Wasserman
17                                             Attorneys for Defendant
                                               GERMAIN'S TECHNOLOGY
18                                             GROUP, INC.

19

20

21          This Court, having considered the parties Stipulation for an Order

22   continuing the discovery cut-off,  trial  and pre-trial conference dates, and

23   satisfactory proof having been made and good cause appearing therefor,

24

25          **IT IS HEREBY ORDERED THAT:**

26   (1)    The current date set for the discovery cut-off (August 8, 2005) is

27          continued until <u>November 15, 2005</u> ;

28   (2)    The current date set for the trial of this matter (October 24, 2005) is

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Asberry v. Germaine's Technology Group
Case No. C 04 1991 MMC              - 4 -              DOCUMENT PRINTED ON RECYCLED PAPER

1    continued until  March 20, 2006          ;

3    (3)    The current date set for the pre-trial conference of this matter (October

4    11,2005) is continued until  March 7, 2006          ;

6    (4)    All deadlines set according to the current pre-trial conference <sup>trial and</sup>

7    <sup>dates</sup> ~~date~~ shall be extended and calculated based upon the new ^trial and pre-trial conference ^dates. ~~date~~

8    ~~when it is scheduled~~

9

10   APPROVED

Judge Maxine M. Chesney

DATED:  July 7, 2005

11                                        _____
                                          United States District Court Judge

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Asberry v. Germaine's Technology Group
Case No. C 04 1991 MMC

- 5 -

DOCUMENT PRINTED ON RECYCLED PAPER